UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


THOMAS HILL,

      Petitioner,

                                       Case No. 10-13436

v.

                                       Hon. John Corbett O'Meara

CINDI CURTIN,                       Hon. Paul J. Komives

      Respondent.
_____/


**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DENYING PETITIONER'S MOTION TO AMEND**

Before the court is Magistrate Judge Paul J. Komives's report and recommendation, filed August 29, 2012.  Magistrate Judge Komives recommends that the court deny petitioner's application for writ of habeas corpus and a certificate of appealability.  Petitioner filed a response to the report and recommendation on September 14, 2012, and an amended response on October 2, 2012.

In his response, Petitioner seeks to amend his petition to include a claim of ineffective assistance of trial and appellate counsel and a claim that there was insufficient evidence to support his conviction for armed robbery.  These claims were not raised on direct appeal or in the original habeas petition.

Pursuant to 28 U.S.C. § 2242, a habeas petition may be amended "as provided in the rules of procedure applicable to civil actions," that is, as provided in Federal Rule of Civil Procedure 15.  However, a new claim for habeas relief raised in a motion to amend is subject to the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).  Howard v. U.S., 533 F.3d

472, 475 (6th Cir. 2008).  Therefore, a motion to amend must be denied in a habeas case when it is filed after the expiration of the limitations period, unless the proposed amendment relates back to the date of the original pleading. Id.  Rule 15 provides that an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  In the context of a habeas petition, the Supreme Court has held that relation back is permitted "only when the claims added by amendment arise from the same core facts as the timely filed claims, and not when the new claims depend on events separate in 'both time and type' from the originally raised episodes." Mayle v. Felix, 545 U.S. 644, 657 (2005).  The Sixth Circuit construes Mayle as requiring the denial of a motion to amend a habeas petition when the new claim "asserts a new ground for relief supported by facts that differ from those in the original petition." Pinchon v. Myers, 615 F.3d 631, 642 (6th Cir. 2010).

Petitioner's original petition contained three claims: that he was denied his right to self-representation; that he was denied his right to confrontation/cross-examination; and that he was denied the right to put on a defense.  The claims that Petitioner seeks to add – ineffective assistance of trial and appellate counsel and sufficiency of the evidence – do not arise from the same core facts as the original claims.  Accordingly, these claims do not relate back to the original petition and are time-barred.  The court will deny Petitioner's request to amend.[1]

Further, to the extent Petitioner objects to the magistrate judge's report and recommendation, the court finds the objections to be without merit.  This court "shall make a *de*

---

[1] In addition, the court denies Petitioner's request as untimely; his original petition was filed over two years ago and Petitioner did not request the amendment until after the magistrate judge prepared a report recommending that his petition be denied.

*novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. Having thoroughly reviewed the papers, the court finds that the magistrate judge correctly concluded that the petition, as well as a certificate of appealability, should be denied.

Accordingly, IT IS HEREBY ORDERED that Magistrate Judge Komives's August 28, 2012 report and recommendation is ADOPTED and Petitioner's application for writ of habeas corpus is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion to amend the petition is DENIED and his objections to the report and recommendation are OVERRULED.


s/John Corbett O'Meara
United States District Judge

Date:  November 1, 2012


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 1, 2012, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager

-3-